UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| CITY OF REDFIELD, a South Dakota Municipality, | ) ) ) | CIV. 14-4001-KES |
| Plaintiff, | ) ) | |
| vs. | ) ) ) | ORDER DENYING MOTION TO CONSOLIDATE AND STAY LITIGATION PENDING APPEAL |
| LIBERTY MUTUAL INSURANCE COMPANY, | ) ) ) | |
| Defendant. | ) | |

 Plaintiff, City of Redfield, commenced a lawsuit in January of 2014 against defendant, Liberty Mutual Insurance Company. The complaint asserts claims for breach of contract and bad faith arising out of a performance bond issued by Liberty Mutual. City of Redfield seeks compensatory and punitive damages and an award of attorneys' fees. The bond was issued for a construction contract between Quam Construction Co., Inc., and City of Redfield.

 On September 3, 2013, Quam had filed a petition against City of Redfield to compel arbitration pursuant to 9 U.S.C. § 4 (the Federal Arbitration Act). 1:13-CV-01017-CBK, Docket 1. The only relief requested in the petition was declaratory relief ordering City of Redfield to participate in arbitration. After considering the arguments of both parties, the court denied Quam's motion to compel arbitration. *Id.* at Docket 22. This matter is on appeal to the Eighth Circuit Court of Appeals.

In the case pending before this court, Liberty Mutual moves to consolidate this action with the Federal Arbitration Act matter 1:13-CV-01017-CBK and to stay the matter pending a decision from the Eighth Circuit Court of Appeals. Pursuant to Fed. R. Civ. P. 42(a), actions may be consolidated before the court if they involve common questions of law or fact.

There are no common questions of law or fact between the two proceedings. The action pending before this court involves a determination of whether Liberty Mutual is obligated to pay City of Redfield under the performance bond after Quam failed to complete the project. The only issue in the *Quam* action is whether an enforceable arbitration provision exists between the parties. Both actions seek different remedies. And the questions of fact to resolve the legal issues do not overlap. As a result, the motion to consolidate is denied. Because the motion to consolidate is denied, Liberty's Mutual's motion to stay is denied as moot because it is premised on granting the motion to consolidate. Therefore, it is

ORDERED that Liberty Mutual's motion to consolidate and stay (Docket 15) is denied.

Dated April 22, 2014.

                                          BY THE COURT:

                                          /s/ *Karen E. Schreier*
                                          KAREN E. SCHREIER
                                          UNITED STATES DISTRICT JUDGE